IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOHN GREENWOOD, #294-069,<br>    Petitioner, | * |
| | * |
|  v. | CIVIL ACTION NO.   WDQ-07-226 |
| | * |
| K. HORNING  and<br>THE ATTORNEY GENERAL OF THE<br> STATE OF MARYLAND | * |
|     Respondents. | * |
| | ****** |

**MEMORANDUM**

On January 24, 2007, Petitioner John Greenwood filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his convictions entered in 2000 by the Circuit Court for Baltimore City, Maryland. Paper No. 1. On March 16, 2007, Respondents filed an answer to Petitioner's application for habeas relief which solely addressed the timeliness of Petitioner's application. Paper No. 5. Pursuant to this Court's Order of March 27, 2007, Petitioner was granted twenty (20) days to reply stating that his Petition was filed within the proper time frame or explaining why the Petition should not be dismissed as untimely. Paper No. 7.  Petitioner has not filed a reply, despite being granted additional time to do so.  Paper No. 8.

Petitioner pleaded guilty to first degree murder, attempted murder, robbery with a deadly weapon, and two counts of use of a handgun in the commission of a crime of violence. Paper No. 5, Ex. 1. He was sentenced on June 13, 2000, to two concurrent life terms with all but thirty years suspended for the first degree murder and attempted first degree murder offenses. He was given two concurrent twenty-five year terms, the first five years of each to be served without parole, as to each of the handgun offenses and a concurrent twenty-five year term for the robbery with a deadly

weapon offense.[1] *Id.*, Ex. 1 and 2. Petitioner did not seek leave to appeal the entry of the guilty plea.

On August 23, 2004, Petitioner submitted a collateral attack on his convictions pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, et seq. The post conviction petition was denied on May 23, 2005. Id., Ex. 1 and 2. Petitioner's application for leave to appeal the denial of post-conviction relief was denied in an unreported decision on December 23, 2005. *Id.,* Ex. 3. The court's mandate issued on January 30, 2006. *Id.*

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 into law. Among the changes made by this law was the addition of a one-year statute of limitations in non-capital cases for person convicted in a state court. *See* 28 U.S.C. § 2244(d).[2] This one year period is, however, tolled while properly filed post-conviction proceedings

---

[1] Petitioner's Motion to Correct an Illegal Sentence filed on January 30, 2004, was granted in part on March 5, 2004. The Circuit Court for Baltimore City reduced Petitioner's sentence for the robbery and the handgun offenses from twenty-five years to twenty years incarceration. The remaining sentences were unchanged. *Id.*, Ex. 1 and 2.

[2] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States ir removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2);. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Petitioner's convictions became final on July 13, 2000, upon expiration of the time for filing an application for leave to appeal. *See* Md. Rule 8-204(a); Md. Code Ann., Cts. & Jud. Proc Art. § 12-302(e); *See also Wade v. Robinson*, 327 F.3d 328, 330-33 (4th Cir. 2003). Petitioner had no post-conviction or other proceedings pending which would have served to toll the one-year limitation period from June 13, 2000 to August 23, 2004 (the date he instituted collateral review of his convictions), a period in excess of four years. Additionally, he had no proceedings pending which would have tolled the limitations period from the denial of his application for leave to appeal the denial of post-conviction relief entered on January 30, 2006, to the institution of the instant case on January 24, 2007,[3] a period in excess of eleven months. *See* 28 U.S.C. § 2244(d)(2). Petitioner has offered no arguments in favor of equitable tolling of the limitations period. Accordingly, a separate Order will be entered denying the Petition as time-barred under 28 U.S.C. § 2244(d).

July 23, 2007                                                    /s/
                                                    William D. Quarles, Jr.
                                                    United States District Judge

---

(2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[3]The instant Petition received for filing by the Clerk on January 24, 2007, is dated January 18, 2007. For purposes of assessing the timeliness of the Petition, is deemed to have been filed on the date Petitioner signed it. *See United States v. Dorsey*, 988 F.Supp. 917, 919-20 (D. Md. 1998) (rejecting limitations defense due to applicability of prison mail-box rule to petition filed pursuant to 28 U.S.C. § 2255).